IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO
SOUTHERN DIVISION

MIGUEL VICTORIO and LEONILA VICTORIO :
on behalf of themselves and all other similarly :
situated individuals, :
                                          :
           Plaintiffs,             :    Docket No.
                                            :
           v.                      :
                                            :
TYSON FOODS, INC.:               :
And TYSON FRESH MEATS, INC.    :
                                          :   **JURY TRIAL DEMANDED**
          Defendants.           :

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiffs, by and through their undersigned counsel, on behalf of themselves and

other similarly situated individuals either currently or formerly employed by Defendants

Tyson Foods, Inc. and/or Tyson Fresh Meats, Inc. (hereafter collectively referred to as

"Tyson"), at its meat processing facility in Boise, Idaho, for their Representative Action

Complaint against Tyson alleges, upon information and belief, except as to the

allegations that pertain to the named Plaintiffs and their counsel, which are based upon

personal knowledge, as follows:

## I.   INTRODUCTION

1.     The named Plaintiffs bring a Collective action against Tyson under federal law

pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq., on behalf of

themselves and all other similarly situated current and former production and support

employees of Tyson's meat processing facility in Boise Idaho for unpaid wages and unpaid overtime wages, liquidated damages, costs and attorneys' fees.

2.    At all times relevant to this Complaint, Plaintiffs have worked at Tyson's meat processing facility located in Boise, Idaho.

3.    During the relevant time period in this case, Tyson has failed to pay Plaintiffs their minimum hourly rate of pay for all hours of work they performed in addition to overtime as required by federal law.  The uncompensated time includes, but is not limited to, time spent preparing, donning, doffing, obtaining and sanitizing sanitary and safety equipment and clothing, obtaining tools, equipment and supplies necessary for the performance of their work, "working" steels and all other activities in connection with these job functions, and walking between work sites after the first compensable work activity and before the last compensable work activity.  These unpaid work activities took place before and after paid time, and during both paid breaks and unpaid lunch breaks.

4.    At all times relevant to this Complaint, upon information and belief, Defendant Tyson has only paid certain "mesh wearing" employees at its Boise, Idaho meat processing facility four (4) minutes per day for "clothes changing" time, despite the fact that Plaintiffs spend as much as 30 minutes or more per day performing uncompensated work activities as described in this Complaint.

**II.    JURISDICTION AND VENUE**

5.    This Court has jurisdiction over Plaintiffs' federal claims because they are brought pursuant to the Fair Labor Standards Act, 29 U.S.C. 216 (b), and because they raise a federal question pursuant to 28 U.S.C. § 1331.

2

6.      Venue is proper in this federal judicial district pursuant to 28 U.S.C. 1391(a) and (c), because a substantial part of the events or omissions giving rise to these claims occurred within this judicial district, and because Defendant Tyson resides in this judicial district in that it regularly conducts business within this judicial district and thus is subject to personal jurisdiction within this judicial district.

## III.    PARTIES

7.      Named Plaintiffs Miguel Vietorio and Leonila Victorio are residents of Canyon County, Idaho.  Moreover, the named Plaintiffs assert federal claims under the Fair Labor Standards Act as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of themselves and all other similarly situated current and former employees who work or worked at Tyson's meat processing facility located in Boise, Idaho which was closed in October of 2006.

8.      Defendant Tyson Foods, Inc. is a Delaware corporation with a principal place of business in Springdale, Arkansas, that operates and has operated numerous meat processing facilities throughout the United States including a facility in Boise, Idaho which was closed in October of 2006.  Defendant Tyson is a corporation engaged in interstate commerce and in the production of goods for commerce throughout the United States.  Defendant Tyson can be served with original service of process through its agent for service, CT Corporation System, 1515 Market Street, 12th Floor, Philadelphia, PA 19102.

## V.     COLLECTIVE ACTION ALLEGATIONS

9.      Defendant Tyson owned and operated a meat processing facility in Boise, Idaho which was closed in October 2006.  The complained of unlawful compensation system at

3

issue in this Complaint has affected Defendant Tyson's former production and support employees uniformly at this location. At all times relevant to this Complaint, Defendant Tyson has utilized the same compensation system complained about herein.

10.    Under Defendant Tyson's wage compensation system, Plaintiffs and others similarly situated who are production employees are paid only during the time that they are present on the actual production assembly line under a system known as "gang time" or "line time." Defendant Tyson, with the exception of the payment to some employees of four minutes per day for "clothes changing time," as a matter of policy and practice, did not pay its employees for all required pre-production line and post-production line activities that are necessary and integral to their overall employment responsibilities, such as: donning and doffing clothing and protective equipment, cleaning and sanitizing that equipment, walking to their lockers and/or production line after already performing compensable activities, and at the end of the work day, walking to the wash stations and then to their lockers and/or supply rooms before the end of compensable time, working on knife maintenance equipment known as "steels" or "mousetraps", and waiting in line to receive required knives, supplies, tools and equipment needed for production line activities. Defendant Tyson also required its employees to be present at the production line for periods after their "gang time" (i.e. the time when they stop getting paid) but they are not paid for that time.

11.    Pursuant to federal regulations and Defendant Tyson's own internal policies and procedures, Plaintiffs and Class members were required to wear uniforms and special personal protective equipment ("PPE") for protection and sanitary reasons. Uniforms include shirts, pants and boots. PPE includes, *inter alia*, plastic aprons, belly guards,

4

wrist guards, mesh sleeves, sheaths, gloves, mesh gloves, mesh aprons, hardhats, scabbards, hairnets, earplugs, coveralls, eye protection, and other protective equipment and coverings.  Most of Defendant Tyson's employees used knives and other sharp instruments in the course of their work and the PPE was designed to protect them from injury.  The PPE and other required gear are also designed to protect Tyson's meat products from contamination by food borne diseases.

12.     As a consequence of the compensation system utilized by Defendant Tyson, Plaintiffs and Class members were not fully paid at the beginning of each shift for the time it takes to don uniforms, obtain gear, maintain gear, walk from the supply rooms to their lockers and/or from their lockers to sanitation stations and then to production areas, and sanitize the required PPE, walk to production areas and don PPE.

13.     At the beginning of each work day, Plaintiffs and other workers similarly situated were required to report to their lockers to don their uniforms.  Production employees were required to obtain their PPE, walk to storage areas and obtain knives and other gear, work their steels and/or mousetraps, walk to the sanitation stations and sanitize their gear, walk to the production lines and don the PPE before paid time begins.  Other than a total of four (4) minutes per day of "clothes changing" time, Plaintiffs were not paid for these work activities.

14.     Pursuant to Defendant Tyson's compensation system, employees were not fully compensated for time spent before or after paid time working steels or mousetraps, which is a necessary task for the performance of their job.

15.     During their unpaid lunch and other paid or unpaid breaks, Plaintiffs and other similarly situated workers had to remove their PPE, clean their PPE, and then re-don it at

5

1    the end of breaks. These employees were not paid anything or were not fully paid for

2    performing these work activities.

3    16.    After the end of paid time, employees were required to finish their work on

4    production and other activities, walk to wash stations, wait in line to wash the PPE,

5    knives and other gear, wash their PPE, knives and gear, walk to their lockers, doff their

6    uniforms and PPE and stow the uniforms, PPE, knives and other gear in their lockers.

7

8    17.    According to Defendant Tyson's compensation system, Plaintiffs and Class

9    Members were not paid during the time after "gang time" (when compensation stops)

10   although they continued to work on final production tasks and then walk to and wait at

11   wash areas, doff PPE, wash PPE and gear (as well as their own bodies), walk to lockers,

12   doff uniforms and stow gear and uniforms.

13
     18.    As a result of Defendant Tyson's compensation system, and other practices and
14
     policies followed by Tyson, Plaintiffs and other similarly situated workers were not paid
15
16   for all of the time that they worked (other than the four minutes per day "clothes

17   changing" which Tyson purports that it paid) and they have not been paid for all of the

18   time they have worked for several years.

19
     19.    Plaintiffs and all similarly situated individuals who worked at Defendant Tyson's
20
     meat processing facilities in Boise, Idaho were deprived of their lawful wages under
21
22   federal law in the same manner.

23   20.    Defendant Tyson's failure to pay Plaintiffs and Class members their lawful wages

24   was and is willful. Defendant Tyson knew or should have known that its conduct was

25   unlawful and/or showed reckless disregard for the matter of whether its above-described

26   conduct was prohibited by law. Defendant Tyson did not have written authorization from

27

28

                                          6

any Plaintiff worker to withhold, divert or deduct any portion of Plaintiffs' and other

workers' wages that are at issue in this Complaint.

21.    Despite its knowledge that time spent by Plaintiffs and Class members, as

described above, was compensable time under both state and federal law, Defendant

Tyson has refused to fully compensate workers at the Boise, Idaho facility for any of this

time.

## V.    CAUSES OF ACTION

### COUNT I

**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 et seq.**
**All Plaintiffs v. Tyson Defendants**

22.    Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth

herein.

23.    Pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. § 207, Defendant

Tyson was and is obligated to pay employees at a rate equal to one and one-half times

their normal hourly rate of pay for all time spent performing compensable work in excess

of 40 hours per week.

24.    Pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. § 216(b),

Defendant Tyson, because it failed to pay employees the required amount of overtime at

the statutory rate, must reimburse the employees not only for the unpaid overtime wages,

but also for liquidated damages in an amount equal to the amount of unpaid overtime

wages.  Plaintiffs assert that the Defendant Tyson's refusal to pay for time worked was

willful.

25. Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended if they are successful in prosecuting an action for unpaid overtime wages.

WHEREFORE, Plaintiffs pray for the following relief against Defendant Tyson:

A. That this Court permits this action to go forward as a representative action pursuant to 28 U.S.C. § 216(b) and approves notice of this action to all other similarly situated at Tyson's Boise, Idaho facility.

B. That this Court Order an accounting of lost wages for Plaintiffs;

C. That this Court award lost overtime wages, liquidated damages, statutory penalties, interest, costs and attorney's fees.

Respectfully submitted,

BRUCE SKAUG
IDAHO Bar #: 3904
Goicochea Law Office – Nampa LLP
1226 East Karcher Road
Nampa, ID 83687
Phone: (208) 466-0030
Facsimile: (208) 466-8903

PHILIP A. DOWNEY
Pennsylvania Bar # 81603
P.O. Box 736
Unionville, PA 19375
Phone: (610) 324-2848
Facsimile: (610) 347-2507

BRIAN P. MCCAFFERTY
Pennsylvania Bar # 66257
Kenney Egan McCafferty & Young
3031C Walton Road, Suite 202
Plymouth Meeting, PA 19462
Phone: (610) 940-9099

8

1                                          Facsimile:  (610) 940-0284
                                           E-mail:  cafstar@aol.com
2

3                                          **Attorneys for Plaintiffs**

4       DATED:  August 30, 2007

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    9

1/06
Form: Pro Hac Vice

## IN THE UNITED STATES DISTRICT/BANKRUPTCY COURTS
### FOR THE DISTRICT OF IDAHO

MIGUEL VICTORIO & LEONILA
VICTORIO, on behalf of themselves and all
other similarly situated individuals

v.

TYSON FOODS, INC.

)
)
)
)
)
)
)
)
)

Case No.

**APPLICATION FOR ADMISSION
PRO HAC VICE**

Fee: $200.00

Pursuant to Local Rule 83.4(e) of the United States District Court for the District of Idaho,

Philip A. Downey, Esq. _____, hereby applies for admission pro hac vice to appear and participate

in this case on behalf of Plaintiffs _____

The applicant hereby attests as follows:

1. Applicant resides in Pennsylvania _____, and practices at the following
address and phone number 1555 Embreeville Road, P.O. Box 736, Unionville, PA 19375. 610/324-2848

2. Applicant has been admitted to practice before the following courts on the following dates:

| Courts: | Dates: |
|---|---|
| Kansas | April, 25 1997 |
| Pennsylvania | May 28, 1998 |
| District of Columbia | October, 1998 |
| U.S.D.C. Eastern District of Pennsylvania | October, 1998 |

3. Applicant is in good standing and eligible to practice in said courts.

4. Applicant is not currently suspended or disbarred in any other courts.

5. Bruce Skaug, Esq _____, a member in good standing of the bar of this court, of the firm of

Goicoechea Law Offices _____, practices at the following office address and phone number:

1226 East Karcher Road, Nampa, Idaho 83687

and is hereby designated as co-counsel with authority to act as attorney of record for all purposes. Said designee hereby consents
to this designation by signing this application.

Dated this _____ day of _____

_____
Applicant

_____
Designee