# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF IDAHO

| | |
|---|---|
| MIGUEL VISTORIO, LEONILA VICTORIO, AMALIA ACOSTA, EDUARDO BALLESTEROS, RITA CUNA, HECTOR GARCILAZO, ARTURO MOTA, ROGELIO RAMIREZ, REYNA RIVERA, JESUS SANDOVAL, ROLANDO VELA, MARIBEL ZAPATA on behalf of themselves and all other similarly situated individuals | : CIVIL ACTION |
| v. | : NO. 1:07-cv-00383-EJL |
| TYSON FOODS, INC. | : JURY TRIAL DEMANDED |
| & | : |
| TYSON FRESH MEATS, INC. | : |

## FIRST AMENDED REPRESENTATIVE CLASS ACTION COMPLAINT

Named Plaintiffs, on behalf of themselves, and all others similarly situated (hereinafter "Plaintiffs"), bring this law suit against Tyson Foods, Inc., & Tyson Fresh Meats, Inc. (hereinafter "Defendants"), seeking to recover for Defendants' wilful violations of the Fair Labor Standards Act of 1938 (hereinafter "FLSA"). Plaintiffs allege upon information and belief, except for those allegations which pertain to the named Plaintiffs, which are based upon personal knowledge, as follows:

### JURISDICTION AND VENUE

1. Federal question jurisdiction is vested in this Court pursuant to 29 U.S.C. §§ 216(b), and 28 U.S.C. § 1331.

2. Venue is proper in this District pursuant to 28 U.S.C. 1391, as Defendants operated a beef slaughter and processing facility in Nampa Idaho, until October, 2006, and continues to

regularly conduct business within the District of Idaho.

## PARTIES

3. Named Plaintiffs, Miguel Victorio and Leonila Victorio reside in Nampa, Idaho 83686.

4. Named Plaintiff, Amalia Acosta, resides in Emmett, Idaho 87617.

5. Named Plaintiff, Eduardo Ballesteros, resides in Nampa 83687.

6. Named Plaintiff, Rita Cuna, resides in Nampa, ID 83187.

7. Named Plaintiff, Hector Garcilazo, resides in Mountain Home, ID 83647.

8. Named Plaintiff, Arturo Mota, Caldwell, ID 83605

9. Named Plaintiff, Rogelio Ramirez, resides in Nampa, ID 83686

10. Named Plaintiff, REYNA RIVERA, resides in Nampa, ID 83651

11. Named Plaintiff, JESUS SANDOVAL, resides in Emmett, ID 83617

12. Named Plaintiff, Rolando Vela, resides in Nampa, ID 83686

13. Named Plaintiff, MARIBEL ZAPATA, Nampa, ID 83686

14. Defendants, Tyson Foods, Inc., is a for profit Delaware corporation headquartered in Springdale, Arkansas , Tyson operated a beef slaughter and processing facility in Nampa, Idaho. Defendant regularly sells beef and other food products within the District of Idaho. Defendant is a corporation engaged in interstate commerce and in the production of goods for commerce throughout the United States, and was an employer within the meaning of FLSA 29 U.S.C. §§ 206-207. Tyson Foods, Inc., can be served at the office of its registered agent located at C/O CT CORP SYSTEM, 1635b Market Street, Philadelphia, PA 19103

15. Defendant Tyson Fresh Meats, Inc., is a for profit Delaware corporation headquartered in Springdale, Arkansas who, upon information and belief, operated a beef

slaughter and processing facility in Nampa, Idaho.  Defendant regularly sells beef and other food products within the District of Idaho. Defendant is a corporation engaged in interstate commerce and in the production of goods for commerce throughout the United States, and was an employer within the meaning of FLSA 29 U.S.C. §§ 206-207.  Defendant, Tyson Fresh Meats, Inc., can be served at the office of its registered agent, located at C/o CT CORP. SYSTEM, 1111 West Jefferson, Suite 530, Boise, Idaho 83702.

## INTRODUCTION

16. This is a class action brought by Plaintiffs on behalf of themselves and all other similarly situated current and former production and support employees of Defendants, at their facility in Nampa, Idaho, for the purpose of obtaining relief under Federal law for, *inter alia*, unpaid wages, unpaid overtime wages, liquidated damages, costs, attorneys' fees, and declaratory and injunctive relief.

17. Plaintiffs were employees of Defendants' Beef processing facility located in Nampa, Idaho. Defendants has failed to pay Plaintiffs their minimum hourly rate of pay for all hours of work they performed in addition to overtime as required by Federal law.

18. The uncompensated time includes, but is not limited to, time spent preparing, donning, doffing, waiting to receive protective equipment and sanitize, walking to work stations waiting for production work to begin, sanitizing sanitary and safety equipment, persons and clothing, waiting in line to sanitize their persons, protective equipment and work tools, time spent sharpening knives, and all other activities in connection with these

job functions, before and after paid time, and during both paid breaks and unpaid lunch breaks.

19. The workers directly employed by Defendants, were paid an hourly wage and are not exempt from the wage and hour requirements set forth in the FLSA

20. Plaintiffs, were employed by Defendants as employees in its Nampa, Idaho facility as kill floor and processing line workers.

21. Plaintiffs were not members of a Union, and their work relationship with defendants **was not** governed by a collective bargaining agreement. Plaintiffs were paid an hourly wage and were not exempt from the wage and hour requirements set forth in the FLSA

22. Plaintiffs were required to don and doff various clothing, gear and protective equipment, sanitize persons and equipment, sharpen knives, and wait in lines after the continuous work day's first principal activity, all of which was an integral and indispensable part of the principal activities for which they were employed.

23. At the beginning of the continuous work day, before and after paid and unpaid breaks, and at the conclusion of the continuous work day, Plaintiffs were required to sanitize their persons, and various pieces of protective equipment and gear.

24. Plaintiffs were not paid for all of their pre-production line, pre break, post break and post production line work, including *inter alia*, time spent waiting to pick up their clothing/gear/equipment, donning their clothing/gear/equipment, sanitizing their hands/gear/equipment, walking time to and from their work station(s), waiting at their work stations for the processing line to commence.

**COLLECTIVE CLASS ACTION ALLEGATIONS**

25. Plaintiffs bring their FLSA claim pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following opt in litigants:

All individuals employed by Defendants at their Boise, Idaho facility since September 11, 2004.

26. Pursuant to governmental regulations and Defendants' own internal policies and procedures Plaintiffs and class members are required to wear PPE and sanitize their persons and PPE.  PPE includes, *inter alia,* aprons, frocks, gloves, helmets, ear plugs, eye protection, arm guards, cut resistant sleeves, knife belts and other PPE items.

27. The claims of the named Plaintiffs are typical of the claims of in excess of 500 other similarly situated employees. The named plaintiffs are adequate representatives of those similarly situated employees in that the named plaintiffs claims are identical to the claims of the similarly situated current and former employees.

28. The Defendants' failure to pay their employees their lawful wages was and is wilful. Defendants knew, should have known, that its conduct was unlawful and/or showed reckless disregard for the matter of whether its above described conduct was prohibited by law. *See Alvarez v. IBP*, 339 F.3d 894 (9th Cir. 2003), aff'd 546 U.S. 21 (2005)

29. Class certification is appropriate because common questions of law and fact predominate over any questions affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this

litigation. The damages suffered by individual class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because, *inter alia*, it will obviate the need for unduly duplicative litigation, which might result in inconsistent judgments about Defendants' business practices.

30. Plaintiffs know of no difficulty that will be encountered in the management of this litigation and preclude its maintenance as a class action.

31. Plaintiffs will fairly and adequately protect the interests of the Class members. Plaintiffs have retained counsel competent and experienced in complex class action wage and hour litigation.

32. Given the defendants' size and the systematic nature of its failure to comply with the FLSA, this matter must be maintained as a representative action because the FLSA class members are so numerous that joinder of all members is impractical.  Common questions of law and fact exist as to all FLSA class members and predominate over any questions solely affecting individual FLSA class members.  Among the questions of law and fact common to the Plaintiffs and the FLSA class are, *inter alia*:

> a. Whether time spent preparing, donning, doffing and cleaning personal protective equipment (hereinafter "PPE") is integral and indispensable to Defendants' business operations;
>
> b. Whether the donning, doffing and cleaning activities are required, including sanitizing persons and PPE, are required and/or controlled by the Defendantss;
>
> c. Whether work performed by the Plaintiffs and the FLSA class is

compensable under the FLSA;

d. Whether the defendants has failed to keep accurate and true time records for all hours worked by its employees, as required by Defendants' policies and the FLSA;

e. Whether the defendants has failed to pay the Plaintiffs and the FLSA class for all hours of work the Defendants required them to perform;

f. The nature and extent of FLSA class-wide injury and the measure of damages for the injury.

g. Whether Defendants has engaged in a pattern and/or practice of forcing, coercing, and/or permitting Plaintiffs and the Class to perform work for Defendants' benefit which was not compensated;

h. Whether Defendants has engaged in a pattern and/or practice of disciplining or retaliating against Plaintiffs and the Class for not performing certain work without being compensated;

I. Whether Defendants has failed to permit meal and rest periods as required by Federal law, other applicable regulations, and/or Defendants' stated policies;

j. Whether Defendants has failed to properly compensate Plaintiffs and the Class in connection with interruptions to their meal or rest periods;

33. A representative action pursuant to the FLSA §216(b) is superior to the alternatives for the fair and efficient adjudication of the controversy herein. No difficulties are likely to be encountered in the management of this representative action that would preclude its maintenance

as a representative action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

## COUNT I
### (Violation of the FLSA)
### against all Defendants

34. All previous paragraphs are incorporated as though fully set forth hereunder.

35. The FLSA requires that covered employees be payed for all time worked in a work week. *See* 29 U.S.C. § 206(b).

36. The FLSA requires that covered employees receive overtime compensation not less than one half times the employees regular rate of pay for all hours worked over 40 hours in a work week. *See* 29 U.S.C. § 207(a)(1).

37. Plaintiffs and the class are covered employees entitled to the FLSA's protections.

38. Plaintiffs and the class are not exempt from receiving FLSA overtime benefits because *inter alia* they are not executive, administrative, or professional employees as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq*.

39. Defendants is a covered employer required to comply with the FLSA's mandates.

40. Defendants has violated the FLSA with respect to the Plaintiffs and the class by, *inter alia*, failing to compensate Plaintiffs and the class for all hours worked and, with respect to such hours, failing to pay Plaintiff and the class the legally mandated overtime premium for such work.

41. Pursuant to the FLSA 29 U.S.C. §216(b), employers, such as Defendants, which fail to pay employees their minimum hourly rate for all compensable work and the required

amount of overtime at a statutory rate, must reimburse the employees for not only the unpaid wages and overtime wages, but also for liquidated damages in an amount equal to the amount of unpaid wages and overtime wages.

42. Pursuant to FLSA 29 U.S.C. §§ 206 and 207, *et seq*., Defendants was and is obligated to pay employees at their minimum hourly rate for all time performing compensable work other than overtime work and a rate of one and a half times their minimum hourly rate for all time spent performing compensable work in excess of forty (40) hours per week.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, and all other similarly situated employees, pray for the following relief against Defendants:

1. That this action may proceed as a representative class action pursuant to 29 U.S.C. § 216(b);

2. Prompt notice, pursuant to 29 U.S.C. § 216(b) of this litigation to all potential class members;

3. That Defendants pay compensatory and back pay damages to the fullest extent permitted under Federal Law;

4. Liquidated damages to the fullest extent permitted under Federal Law;

5. Litigation costs, expenses and attorneys' fees to the fullest extent permitted under Federal law;

6. Issue an order, pursuant to the Declaratory Judgement Act 28 U.S.C. §§ 2201-2202, declaring that Defendantss's actions, as described in this First Amended Complaint, are unlawful, and in violation of the FLSA and applicable regulations and are and were wilful as defined in the FLSA.

7. Provide Plaintiffs with such other and further relief as this Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all claims so triable.

Respectfully submitted,

S/ Philip A. Downey
PHILIP A. DOWNEY, ESQUIRE
**LEAD COUNSEL**
Attorney I.D. No. 81603 (Pennsylvania)
P.O. Box 736
Unionville, PA 19375
Phone: (610) 324-2848
Facsimile: (610) 347-2507


BRUCE SKAUG, ESQ.
GOICOECHEA LAW OFFICES
**LOCAL COUNSEL**
1226 East Karcher Road
Nampa, Idaho 83686
Phone: 208/466-0030
Fax: 208/466-8903